# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

COEUS CREATIVE GROUP, LLC
a Michigan Corporation,

    Plaintiff,

CIVIL ACTION NO.: 2:23-cv-10012

v.

HONORABLE PAUL D. BORMAN

CAROL RENAUD GAFFNEY, PHD,
an Individual,

    Defendant.

---

## DEFENDANT'S MOTION FOR SANCTIONS

Pursuant to Rule 11 of the Federal Rules of Civil Procedure and the inherent authority of this Court, Defendant Carol Renaud Gaffney moves for monetary sanctions against Plaintiff Coeus Creative Group, LLC. The grounds for this Motion are set forth in the accompanying brief.

Pursuant to Local Rule 7.1(a), counsel for Defendant conferred with counsel for Plaintiff regarding the nature of and legal basis for the Motion. Plaintiff did not concur, necessitating the filing of this Motion.

  Respectfully submitted,

Attorneys for Defendant

*/s/Jeffrey K. Techentin*
**ADLER POLLOCK & SHEEHAN PC**
By: Jeffrey K. Techentin
One Citizens Plaza, 8th Floor
Providence, RI, 02903
(401) 274-7200
jtechentin@apslaw.com

*/s/Ryan D. Bohannon*
**KIENBAUM HARDY VIVIANO PELTON FORREST**
By: Ryan Bohannon (P73394)
280 N. Old Woodward Ave, Suite 400
Birmingham, MI 48009
(248) 645-0000
rbohannon@khvpf.com

Dated: April 5, 2023

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COEUS CREATIVE GROUP, LLC
a Michigan Corporation,

    Plaintiff,

                                    CIVIL ACTION NO.: 2:23-cv-10012

v.

                                    HONORABLE PAUL D. BORMAN

CAROL RENAUD GAFFNEY, PHD,
an Individual,

    Defendant.

---

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>DEFENDANT'S MOTION FOR SANCTIONS</u>**

**TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED ................................................................ iv

STATEMENT OF CONTROLLING AUTHORITY ................................................. v

INTRODUCTION ...................................................................................................... 1

FACTUAL BACKGROUND ..................................................................................... 2

LEGAL STANDARD ................................................................................................. 4

ARGUMENT .............................................................................................................. 5

    I.    Coeus Had No Rule 11 Basis for Filing Its Complaint Because Readily Ascertainable Governing Law Negated the Possibility of Jurisdiction. .... 5

    II.    An Award of Reasonable Attorneys' Fees and Costs Is An Appropriate Sanction That Deters Improper Conduct and Reimburses Dr. Gaffney For Defending This Unnecessary Litigation. ..................................................... 7

    III.    The Court's Inherent Authority Provides An Independent Basis for Sanctioning Coeus's Conduct In This Litigation. ...................................... 8

CONCLUSION ......................................................................................................... 10

i

# **TABLE OF AUTHORITIES**

**Cases**

*Advo Sys., Inc. v. Walters*,
 110 F.R.D. 426 (E.D. Mich. 1986) ........................................................................5

*Big Yank Corp. v. Liberty Mut. Fire. Ins. Co.*,
 125 F.3d 308 (6th Cir. 1997) ........................................................................ iv, v, 9

*Bridgeport Music Inc. v. TufAmerica, Inc.*,
 No. 18-10141, 2019 WL 3310866 (E.D. Mich. Feb. 2, 2019) ..............................6

*Chambers v. NASCO, Inc.*,
 501 U.S. 32 (1991)..............................................................................................4, 9

*Cooter & Gell v. Hartmarx Corp.*,
 496 U.S. 384 (1990)................................................................................................7

*First Bank of Marietta v. Hartford Underwriters Ins. Co.*,
 307 F.3d 501 (6th Cir. 2002) ..............................................................................4, 9

*Hunstman v. Perry Loc. Sch. Bd. of Educ.*,
 No. 5:07CV03638, 2008 WL 5146546 (N.D. Ohio Dec. 5, 2008) .......................6

*Huntsman v. Perry Loc. Sch. Bd. of Educ.*,
 379 F. App'x 456 (6th Cir. 2010).............................................................................7

*King v. Whitmer*,
 556 F. Supp. 3d 680 (E.D. Mich. 2021) ................................................................5

*Lawrence v. United States Small Business Administration*,
 No. 20-11637, 2021 WL 4398328, at *3 (E.D. Mich. Sept. 27, 2021) ..................4

*Marion L. Kincaid Trust*,
 463 F. Supp. 680 (E.D. Mich. 2006) .....................................................................4

*Metz v. Unizan Bank*,
 655 F.3d 485 (6th Cir. 20110) ...............................................................................9

*Murray v. City of Columbus, Ohio*,
  534 Fed. Appx. 479 (6th Cir. 2013)...................................................................................9

*Nieves v. City of Cleveland*,
  153 F. App'x 349 (6th Cir. 2005) ......................................................................................5

*Plastech Holding Corp. v. WM Greentech Automotive Corp.*,
  257 F. Supp. 867 (E.D. Mich. 2017) ...............................................................................8, 9

*PT Pukuafu Indah v. United States Securities & Exchange Commission*,
  No. 09-10943, 2009 WL 10680234 (E.D. Mich. Nov. 4, 2009) ............................8

*Rentz v. Dynasty Apparel Indus.*,
  556 F.3d 389 (6th Cir. 2009) .................................................................................7

*Satchel v. Township*,
  No. 16-11518, 2016 WL 6158965 (E.D. Mich. Oct. 6, 2016) ......................... iv, 7

*Smith v. Detroit Fed'n of Teachers, Local 231,*
  829 F.2d 1370 (6th Cir. 1987) ...............................................................................9

*Tahfs v. Proctor*, 316 F.3d 584 (6th Cir. 2003) .........................................................6

*Union Planters Bank v. L & J Development Co., Inc.*,
  115 F.3d 378 (6th Cir. 1997) .................................................................................6

**Rules**

Fed. R. Civ. P. 1 ..............................................................................................................1

Fed. R. Civ. P. 11 ............................................................................................................5

Fed. R. Civ. P. 11(b))..........................................................................................................4

Fed. R. Civ. P. 11(c)(4)......................................................................................................7

Rule 7.1 (d)(2)................................................................................................................ iv

# STATEMENT OF ISSUES PRESENTED

1. **Rule 11 Sanctions**

The Eastern District of Michigan has imposed Rule 11 sanctions on a party who has filed a complaint without first conducting a reasonable prefiling investigation to determine whether it had an objectively reasonable basis in law and fact for filing suit. *See Satchel v. Township*, No. 16-11518, 2016 WL 6158965, at *5 (E.D. Mich. Oct. 6, 2016). Should the Court impose Rule 11 sanctions against the Plaintiff when the grounds for jurisdiction alleged its Complaint were unfounded and contrary to readily ascertainable, settled law?

2. **Sanctions Pursuant To Inherent Authority**

A district court may award sanctions pursuant to its inherent powers when bad faith occurs, which is when "[1]the claims advanced were meritless, [2] that counsel knew or should have known this, and [3] that the motive for filing the suit was for an improper purpose." *Big Yank Corp. v. Liberty Mut. Fire. Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997). Should this Court use its inherent authority to sanction the Plaintiff because (1) it filed a Complaint with jurisdictional claims its counsel knew were contrary to law; (2) its counsel refused to meaningfully engage with Dr. Gaffney's counsel to avoid frivolous litigation; and (3) its pursuit of claims in this Court had no purpose except to unfairly increase Dr. Gaffney's defense costs?

# STATEMENT OF CONTROLLING AUTHORITY

**1. Rule 11 Sanctions**

Pursuant to Local Rule 7.1 (d)(2) , Defendant hereby states that Rule 11 of the Federal Rules of Civil Procedure is the controlling and most appropriate authority for imposing sanctions.

**2. Bad Faith Sanctions**

Pursuant to Local Rule 7.1 (d)(2) , Defendant hereby states that *Big Yank Corp. v. Liberty Mut. Fire. Ins. Co*., 125 F.3d 308 (6th Cir. 1997)  is the controlling and most appropriate authority for imposing sanctions under this Court's inherent authority.

## **INTRODUCTION**

Plaintiff Coeus Creative Group LLC's ("Coeus") decision to file its Compliant in the Eastern District of Michigan was factually and legally indefensible. Its only conceivable purpose was to harass a Florida resident with no relevant contacts with the State of Michigan by hauling her into court in a far-flung jurisdiction.[1] Counsel for the Defendant, Carol Renaud Gaffney, Ph.D. ("Dr. Gaffney"), tried repeatedly to avoid burdening the Court with motion practice and to engage with the Plaintiffs' counsel. The Plaintiff responded with silence and evasion.

Rule 11 sanctions are exceptional, but this is an exceptional case. Neither Coeus nor its counsel have made any attempt to explain how—in light of the governing law known to its counsel and the facts alleged—they had a good-faith basis for forcing Dr. Gaffney to defend this lawsuit in this forum. Its tactics have multiplied the costs of this litigation and are antithetical to achieving the "just, speedy and inexpensive" determination of this dispute. *See* Fed. R. Civ. P. 1. To deter such conduct, the Court should award Dr. Gaffney the reasonable attorneys' fees and costs she incurred to respond to Coeus's Complaint and to prepare this Motion.

---

[1] Dr. Gaffney's Motion to Dismiss for Lack of Personal Jurisdiction is presently pending before the Court.

1

## FACTUAL BACKGROUND

This case arises from an intellectual property dispute between Coeus and Dr. Gaffney. Dr. Gaffney is a Florida resident and renowned psychologist, consultant and coach who is in the business of providing business consulting and training services associated with her brand "BEHAVIORAL INTELLIGENCE" (the "Mark"). Pl. Compl. ¶¶21-22, ECF No. 1, PageID. 9. Although she provides services to clients in other states, Dr. Gaffney does not provide any services in Michigan and is not registered to do business in Michigan. Gaffney Decl. ¶¶4-5, ECF No. 14-2, PageID.1044. Coeus is a competing provider of business consulting services. Pl. Compl. ¶¶ 9-10, ECF No. 1, PageID. 4. In response to Coeus's use of the Mark, Dr. Gaffney's counsel sent Coeus two cease-and-desist letters. Pl. Compl. ¶¶22-23, ECF No. 1, PageID. 9.

In response to these letters, on or about January 4, 2023, Coeus filed this action against Dr. Gaffney and her company in the Eastern District of Michigan seeking a declaration of non-infringement as a preemptive strike.[2] Pl. Compl. ¶2, ECF 1, PageId. 2. In its Compliant, Coeus alleged that this Court had personal jurisdiction based on three erroneous and unsupported contacts: (1) the allegation that Dr. Gaffney "conduct[ed] business" in Michigan; (2) the fact that Dr. Gaffney

---

[2] In a prototypical example of attempted sandbagging, the Complaint was filed on the eve of a scheduled conference with Dr. Gaffney's counsel on January 5, 2023 to discuss her substantive claims.

2

"advertise[d] over the internet" by maintaining a website for her business; and (3) that counsel for Dr. Gaffney sent two cease-and-desist letters to Plaintiff, who is located in Michigan. *Id.* at ¶4, ECF 1, PageID. 4-5.

Upon receipt of the Complaint, Dr. Gaffney's counsel did what Coeus failed to do: investigate whether there was any objectively reasonable basis for personal jurisdiction in the State of Michigan. As set forth in Dr. Gaffney's Motion to Dismiss, Coeus's claim of jurisdiction is irreconcilable with clear precedent from the Sixth Circuit as applied by this Court.

In light of the governing law, Dr. Gaffney's counsel repeatedly asked Coeus and its counsel to provide a factual and legal basis for personal jurisdiction. *See* Exhibit A (February 3, 2023 Letter to B. Lesperance). Coeus responded by dismissing Dr. Gaffney's company as a named party. *See* Pl.'s Notice of Voluntary Dismissal Pursuant to F.R.C.P. 41(a)(1)(A)(i), ECF 11, PageID. 2. It did not dismiss its claims against Dr. Gaffney, individually. *See id.* As the jurisdictional allegations were the same for both parties, Dr. Gaffney's counsel renewed its request for dismissal. Coeus's counsel rebuffed that request and flatly refused to engage in further discussions. *See* Exhibit B (March 1, 2023 Emails).

As required by Rule 11, Dr. Gaffney served the motion on counsel for Coeus twenty-one days before filing. *See* Exhibit D (3/15/23 Letter w/motion). Coeus has not indicated any willingness to change course by withdrawing its Complaint.

3

## LEGAL STANDARD

There are two sources for the court's authority to sanction a party's litigation conduct. Under Rule 11, "an attorney who presents written motions to a court is deemed to have made certain representations to the best of the attorney's 'knowledge, information, and belief, formed after an inquiry reasonable under the circumstances.'" *Lawrence v. United States Small Business Administration*, No. 20-11637, 2021 WL 4398328, at *3 (E.D. Mich. Sept. 27, 2021) (citing Fed. R. Civ. P. 11(b)). "[A] party or attorney who signs a pleading or court paper may be liable for costs and attorney's fees if the paper is presented for an improper purpose, the allegations were unwarranted in law, or the factual allegations have no evidentiary support." *U.S. v. Marion L. Kincaid Trust*, 463 F. Supp. 680, 697 (E.D. Mich. 2006) (citing Fed. R. Civ. P. 11(b)(1)-(3)). In addition to Rule 11 penalties, "a district court may award sanctions pursuant to its inherent powers when bad faith occurs." *First Bank of Marietta v. Hartford Underwriters Ins. Co*., 307 F.3d 501, 512 (6th Cir. 2002). "[A] court's reliance upon its inherent authority to sanction derives from its equitable power to control the litigants before it and to guarantee the integrity of the court and its proceedings." *Id*. (quoting *Chambers v. NASCO, Inc*., 501 U.S. 32, 43 (1991)).

# ARGUMENT

A reasonable pre-suit investigation would have established that there was no colorable factual or legal basis for Coeus to file suit in the Eastern District of Michigan. When confronted with this information, Coeus refused to confer in good faith or to dismiss its suit against Dr. Gaffney. The only rational explanation for its conduct was a bare desire to escalate the cost of defending this action. Under such circumstances, this Court should exercise its power to deter such conduct by imposing sanctions on Coeus in the form of an award of reasonable attorneys' fees and costs.

### I. Coeus Had No Rule 11 Basis for Filing Its Complaint Because Readily Ascertainable Governing Law Negated the Possibility of Jurisdiction.

Rule 11 requires attorneys "to conduct a reasonable inquiry into the law and facts before signing pleadings . . . and prescribe[] sanctions for violation of these obligations." Fed. R. Civ. P. 11 (1993 advisory committee's notes). Conduct is sanctionable if unless it was "objectively reasonable under the circumstances," *Nieves v. City of Cleveland*, 153 F. App'x 349, 352 (6th Cir. 2005), and reasonableness turns on "whether the position advanced by a party was supported by a reasonable inquiry into the applicable law and facts." *King v. Whitmer*, 556 F. Supp. 3d 680, 706 (E.D. Mich. 2021) (quoting *Advo Sys., Inc. v. Walters*, 110 F.R.D. 426, 430 (E.D. Mich. 1986) (citations omitted)). A party's "good faith belief" in the

merits of a case is inadequate. *Tahfs v. Proctor*, 316 F.3d 584, 594 (6th Cir. 2003). It must conduct a reasonable investigation to determine that an objectively reasonable basis in law and fact exists *before* filing suit. *See Union Planters Bank v. L & J Development Co., Inc.*, 115 F.3d 378, 384 (6th Cir. 1997).

Coeus' unsupported, conclusory pleadings and its ostrich-like approach to the law bear witness to its breach of Rule 11. As Dr. Gaffney has argued in her Motion to Dismiss, Coeus's factual allegations are not only conclusory, but clearly wrong. Def.'s Mot. to Dismiss, ECF No. 14, PageID.1028. Regardless, any reasonable inquiry into Sixth Circuit law should have revealed that Coeus that cease-and-desist letters cannot, standing alone, create jurisdiction. *See Bridgeport Music Inc. v. TufAmerica, Inc.*, No. 18-10141, 2019 WL 3310866, at *8 (E.D. Mich. Feb. 2, 2019). Even if its Complaint was initially the product of a good-faith oversight, there is no excuse for Coeus's refusal to dismiss this action once it was confronted with the governing law in addition to the factual errors in its pleadings. Coeus has continued to press its claim even after (1) receiving Dr. Gaffney's Motion to Dismiss for Lack of Personal Jurisdiction; and (2) being afforded the twenty-one day safe harbor under Rule 11. *See,* Exhibit D.

"The fundamental purpose of Rule 11 sanctions is to 'deter baseless filings in district court and thus ... streamline the administration and procedure of the federal courts.'" *Hunstman v. Perry Loc. Sch. Bd. of Educ.*, No. 5:07CV03638, 2008 WL

5146546, at *2 (N.D. Ohio Dec. 5, 2008) *aff'd sub nom. Huntsman v. Perry Loc. Sch. Bd. of Educ.*, 379 F. App'x 456 (6th Cir. 2010) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)). Coeus knew about the legal and factual inadequacies of its Compliant but proceeded with this litigation anyway. It is clear violation of Rule 11. *See Satchel*, 2016 WL 6158965, at *5 (finding that the filing of plaintiff's complaint violated Rule 11 because the claims asserted against defendant were clearly without factual or legal support at the time of filing).

**II. An Award of Reasonable Attorneys' Fees and Costs Is An Appropriate Sanction That Deters Improper Conduct and Reimburses Dr. Gaffney For Defending This Unnecessary Litigation.**

The sanctions a Court may impose for violations of Rule 11 depend on the nature of the violation and the need to "deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Deterrence is the prime concern, but the rule recognizes that an award of attorneys' may be an effective check on improper conduct. *See* Fed. R. Civ. P. 11 advisory committee notes (1993 advisory committee's notes); *see also Rentz v. Dynasty Apparel Indus.*, 556 F.3d 389, 395 (6th Cir. 2009) ("Although it is clear that Rule 11 is not intended to be a compensatory mechanism in the first instance, it is equally clear that effective deterrence sometimes requires compensating the victim for attorney fees arising from abusive litigation.").

7

Here, an award of reasonable attorneys' fees and costs fairly and effectively promotes the purposes of Rule 11.[3] Coeus's position was never tenable. Absent its decision to file suit in this district, Dr. Gaffney would never have incurred the fees and costs associated with filing her Motion to Dismiss for Lack of Personal Jurisdiction or this Motion for Sanctions. Indeed, this Court has awarded fees for sanctions in jurisdictional disputes. *See PT Pukuafu Indah v. United States Securities & Exchange Commission*, No. 09-10943, 2009 WL 10680234, at *3 (E.D. Mich. Nov. 4, 2009) (holding that defendant was entitled to attorney's fees, costs, and expenses it incurred in defending against the lawsuit because plaintiff failed to conduct a reasonable inquiry before filing their lawsuit to ensure their factual allegations and the law supported this Court's personal jurisdiction over defendant).

### III. The Court's Inherent Authority Provides An Independent Basis for Sanctioning Coeus's Conduct In This Litigation.

Rule 11 is not the only basis for penalizing Coeus for its improper litigation conduct. It is well-settled that "[f]ederal courts have the inherent authority to sanction bad-faith conduct, as well as conduct that is 'tantamount to bad faith.'" *Plastech Holding Corp. v. WM Greentech Automotive Corp.*, 257 F. Supp. 867, 872 (E.D. Mich. 2017) (quoting *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir.

---

[3] Dr. Gaffney's counsel will supplement the record with evidence to support the fees and costs incurred if the Court grants this Motion or otherwise directs the submission of those materials.

20110)). The Court's inherent authority "derives from its equitable power to control the litigants before it and guarantee the integrity of the court and its proceedings." *First Bank of Marietta,* 307 F.3d at 512 (citing *Chambers*, 501 U.S. at 43) (emphasis omitted)). "If a party has engaged in bad-faith conduct, appropriate sanctions may include the imposition of attorney's fees or the dismissal of the party's claims." *Plastech Holding Corp.,* 257 F. Supp. at 872 (quoting *Murray v. City of Columbus, Ohio*, 534 Fed. Appx. 479, 484 (6th Cir. 2013)).

The Sixth Circuit employees a three-prong test to determine whether a district court may impose sanctions to the extent of attorney fees under this bad faith exception: "[1]the claims advanced were meritless, [2] that counsel knew or should have known this, and [3] that the motive for filing the suit was for an improper purpose." *Big Yank Corp*., 125 F.3d at 313 (quoting *Smith v. Detroit Fed'n of Teachers, Local 231,* 829 F.2d 1370, 1375 (6th Cir. 1987)).

As described above, all three elements of this analysis have been satisfied. Coeus knew its claim of jurisdiction was spurious but chose to pursue litigation in this jurisdiction anyway. Its litigation conduct—including its repeated refusal to meaningfully confer concerning the basis for its claims of jurisdiction—is "tantamount to bad faith." It has grossly inflated Dr. Gaffney's litigation costs, compromising the fairness integrity of these proceedings without any justification whatsoever.

9

## **CONCLUSION**

For the foregoing reasons, Dr. Gaffney respectfully requests that this Court sanction Coeus pursuant to Rule 11 of the Federal Rules of Civil Procedure or its inherent equitable authority.

Respectfully submitted,

Attorneys for Defendant

*/s/Jeffrey K. Techentin*
**ADLER POLLOCK & SHEEHAN PC**
By: Jeffrey K. Techentin
One Citizens Plaza, 8th Floor
Providence, RI, 02903
(401) 274-7200
jtechentin@apslaw.com

*/s/Ryan D. Bohannon*
**KIENBAUM HARDY VIVIANO PELTON FORREST**
By: Ryan Bohannon (P73394)
280 N. Old Woodward Ave, Suite 400
Birmingham, MI 48009
(248) 645-0000
rbohannon@khvpf.com

Dated: April 5, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2023, I electronically filed the foregoing Motion for Sanctions with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

                                     */s/Ryan D. Bohannon*
                                     Ryan Bohannon (P73394)
                                     280 N. Old Woodward Ave, Suite 400
                                     Birmingham, MI 48009
                                     (248) 645-0000
                                     rbohannon@khvpf.com

475637